IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRIAN BUDZINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-00973-CV-W-ODS |
| ) | |
| VENUS HOLDING COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION (1) GRANTING PLAINTIFF'S MOTION TO REMAND,
AND (2) REMANDING THE MATTER TO STATE COURT

Pending is Plaintiff's Motion to Remand. Doc. #10. For the following reasons, Plaintiff's motion is granted, and this matter is remanded to state court for all further proceedings.

## I. BACKGROUND

In August 2016, Plaintiff, a citizen of Missouri, filed his Petition against Venus Holding Company ("Venus"); Top of the Arc, LLC ("TOTA"); Brad Likens ("Brad"), and Greg Likens ("Greg") in the Circuit Court of Jackson County, Missouri. Doc. #11-1. Defendants timely removed the matter to this Court because they contend TOTA, a citizen of Missouri and Kansas, was fraudulently joined. Doc. #1. Plaintiff moves for remand, arguing this Court lacks removal jurisdiction because TOTA was not fraudulently joined, and as such, there is no diversity of citizenship jurisdiction.

## II. STANDARD

The Eighth Circuit has articulated the fraudulent joinder standard. "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). If it is clear under the governing state's law that the petition "does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* (quoting *Iowa Pub. Serv. Co. v. Med.*

*Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). But if there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. *Filla*, 336 F.3d at 810.

In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." *Id.* at 811 (citations omitted) (emphasis in original). "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant." *Id.* (emphasis added). Where the sufficiency of the petition against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* (quoting *Iowa Pub. Serv. Co.*, 556 F.2d at 406). Finally, the party seeking removal and opposing remand has the burden of establishing federal jurisdiction exists. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1995) (per curiam) (citation omitted).

### III. DISCUSSION

In Count I, Plaintiff alleges a "Breach of Operating Agreement action against TOTA." Doc. #1-2, at 3. Plaintiff asserts Defendants, including TOTA, violated the Operating Agreement, including TOTA "failed to provide notice of the meetings of the Management Committee," "operated its business with less than 75% approval of the members of the Management Committee," "had undertaken actions which are restricted," and "caused the removal or replacement of Plaintiff from the Management Committee." Doc. #1-2, ¶ 18(b), (c), (e), and (f). He is bringing Count I pursuant to section 347.069.1 of the Missouri Revised Statutes, which states the following:

> A member, manager, employee, or agent of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce such person's right against or duty or liability to the limited liability company. Notwithstanding any provision of

> sections 347.010 to 347.187 to the contrary, any person, including a
> member, manager, employee or agent of a limited liability company,
> against whom a claim exists may be joined as a proper party to
> proceedings by or against a limited liability company to the extent the
> claim arises out of the transaction or occurrence that is the subject matter
> of the claim against the limited liability company.

Mo. Rev. Stat. § 347.069.1(1).

The Operating Agreement was referenced throughout and purportedly attached to the Petition; it was also filed with Defendant's Removal. *See* Doc. #1-2; Doc. #1-7. The relevant portion of the Operating Agreement states a member, which is defined to include Plaintiff, "shall be entitled to maintain…any action or proceeding against…the Company (including, any action for damages, specific performance, or declaratory relief) for or by reason of breach by such party of this Agreement…." Doc. #1-7, at 4, 28, 31. "Company" is defined as TOTA. Doc. #1-7, at 3-4.

Defendants argue Plaintiff's motion to remand should be denied because (1) Plaintiff did not state a breach of contract claim against TOTA, and (2) Plaintiff has no cause of action against TOTA as a matter of Missouri law because he failed to allege what relief he seeks against TOTA and TOTA was not a party to the Operating Agreement. Doc. #19, at 5-8. Defendants' first argument is based solely upon the fact that Plaintiff failed to include a request for relief in Count I of his Petition. *Id.*, at 5-8. While this is an accurate representation, this argument goes to the sufficiency of the petition, not whether Plaintiff's claim against TOTA is precluded by state precedent. The Eighth Circuit has stated the "better practice" is for this Court to remand the matter if the sufficiency of the petition against the non-diverse defendant is questionable. *Filla*, 336 F.3d at 811. Additionally, this Court must resolve all facts and ambiguities in Plaintiff's favor. *Id.* Based upon the standard this Court must apply, the Court finds Defendants have not met their burden of establishing federal jurisdiction exists with regard to their first argument.

Defendants' second argument – to wit, Missouri law does not permit Plaintiff's claim against TOTA because Plaintiff failed to seek specific relief against TOTA and TOTA was not a party to the Operating Agreement – also fails. The Missouri statute cited by Plaintiff in Count I alludes to lawsuits being brought by or against limited liability companies. Mo. Rev. Stat. § 347.069.1(1). Doc. #1-7, at 4, 28, 31. Again, Plaintiff's

3

failure to include his requested relief against TOTA goes to the sufficiency of the petition, and the Court must remand the matter if the sufficiency of the petition against the non-diverse defendant is questionable. *Filla*, 336 F.3d at 811. Furthermore, the Operating Agreement expressly permits a member to bring a lawsuit against TOTA, which contradicts Defendants' argument that TOTA cannot be sued. Doc. #1-7, at 4, 28, 31. Thus, there is a reasonable basis in law and fact supporting Plaintiff's claim against TOTA. *See Filla*, 336 F.3d at 810. Accordingly, joinder is not fraudulent.

Finally, Plaintiff requests the Court award costs and fees incurred filing his motion to remand and responding to Defendant's removal. 28 U.S.C. § 1447(c) allows an award of this type. District courts "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

While the Court finds it lacks jurisdiction, the Court does not find Defendants lacked an objectively reasonable basis for seeking removal. Defendants' arguments were largely based upon Plaintiff's failure to set forth the relief he sought against TOTA; however, the Court, when faced with a question about the sufficiency of a claim, must remand the matter. *Filla*, 336 F.3d at 811. Accordingly, the Court denies Plaintiff's request to award costs and fees incurred in responding to Defendant's removal.

## IV.  CONCLUSION

The Court finds TOTA was not fraudulently joined, and therefore, the Court lacks jurisdiction. Plaintiff's request for attorney's fees and costs is denied. The matter is remanded to state court for all further proceedings.

IT IS SO ORDERED.

                                /s/ Ortrie D. Smith
                                ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 2, 2016        UNITED STATES DISTRICT COURT